## COMMONWEALTH vs. JOHN A. COFFEY & others.

Bristol.   October 24.— 25, 1876.   DEVENS & LORD, JJ., absent.

On the trial of an indictment for an assault and battery upon the minor daughter of one of the defendants, there was evidence that the defendants, accompanied by a sister of the minor, went to the house where the girl, who was sick, was living, and told her that they had come to take her away; that the girl said she did not want to go, and the father said, " You are my daughter, and must go ; " that one of the defendants, a lawyer, asked the father if that was his daughter, and, on receiving an affirmative answer, said, " Then I command you to take her ; " that the father took hold of her, around the waist, and attempted to lift her, when she said, " That hurts me," and he at once desisted; that the defendants then, against her wish, took her out of the house in a chair in which she was sitting, put her in a wagon and drove her slowly to a room which the father had provided for her.   There was also medical evidence that it was unwise to remove her in the condition she was in. The sister testified that her only object in getting the girl away, was to get her under the influence of the Roman Catholic Church.   The lawyer testified that he was present only as legal adviser of the father.   *Held*, that the evidence warranted the jury in finding that the force used was excessive and unjustifiable, in the sick condition of the daughter; and in finding that the defendants acted, not in the exercise and support of the rightful authority of the father, but in the execution of a scheme of the lawyer, and under his direction and control only ; and that the jury were warranted in returning a verdict of guilty.

INDICTMENT against John A. Coffey, David Prior, and Frank Cotey, for an assault and battery upon Mary Prior on August 16, 1875.   Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows :

Mary Prior, the daughter of David Prior, one of the defendants, and living in Norton in 1873, when about sixteen years of age, went to work in Attleborough, some three or four miles from her father's house, and continued there (except for about four months in the fall of 1874, when she was at home,) taking her own wages and supporting herself, until the spring of 1875, when she fell ill with the consumption, and was no longer able to earn her own living.   She then boarded at the house of Mr. Sinclair in Attleborough, and after her illness her board was paid by the voluntary contribution of her friends in Attleborough, except that her sister testified that, when she heard of her illness in May, she also gave her $20, for her support.   The father called at Sinclair's several times after her illness to see her, and on one occasion offered to take her to his home, and hire

a person to take care of her at his house in Norton, and, as he testified, she said she would go when able to ride in the cars, and he said he would come and take her in a carriage. The father and his family and the other defendants were Roman Catholics, and Mary Prior was brought up in that faith, but since her residence in Attleborough had become adverse to it, and frequently expressed to Mrs. Sinclair, as she testified, her unwillingness to go back to her father's house for fear they would compel her to go to the confessional and conform to the usages and customs of the Roman Catholic religion, and her belief that if she did God would not be as willing to forgive her sins as if she went to Him.

Some time in July, 1875, her father and sister called at Mrs. Sinclair's to take her away, but not succeeding in their object, the sister, with the knowledge and consent of the father, consulted the defendant Coffey, an attorney at law in Fall River, as to the legal right of the father to take his daughter into custody and control. And the father afterwards consulted Coffey, as to his rights, both in Fall River and in Norton. Coffey advised him that he had such right, and by mutual appointment they met at Attleborough on the day of the alleged assault, without any previous notice of the appointment to Mary Prior or the family where she lived, to take her away; and Coffey had been there on a former occasion and insisted on seeing Mary Prior against her will, but Coffey testified that he only went there at that time to tell her that her father was coming to take her away.

The sister had hired a room and fitted it up for her in another house about one eighth of a mile from Mrs. Sinclair's, and the father had sent furniture for that room from his house in Norton, and her sister testified she was going there to stay and take care of her. One witness testified that he had supplied the family to which Mary Prior was taken by the defendants, and that he had seen the woman of the house drunk three or four times, but that the man of the house was a man of good character and habits.

When they called for her, Mary was upstairs sitting up in a rocking chair with pillows around her, about three o'clock in the afternoon of August 16, and the defendants and the sister went

upstairs and told Mary they had come to take her away. She said she did not want to go. The father said, "You are my daughter, and must go." While there, Coffey, as several witnesses testified, but which other witnesses denied, said to the father, "Is that your daughter?" and, upon the reply of the father in the affirmative, Coffey said, "Then I command you to take her." Then the father took hold around her waist and attempted to lift her, when she said, "That hurts me," and he at once desisted.

The three defendants then, against her wishes and the wishes of her friends, many of whom had assembled in the house and room, carried her down stairs in the rocking chair as carefully as they could under the circumstances; but two physicians, who were acquainted with the condition of Mary Prior, testified that in their opinion it was unwise to remove her at all, and, against her cry, "Will nobody save me?" put the chair, with her in it, into a covered carriage, and drove on a slow walk to the rooms provided for her by her father and sister, whence she was afterwards on the same night taken from her bed by those who were anxious to keep her from her father's control, to the house of a Mrs. Holman, where she died in October following of her disease, then being nineteen years and one day old.

The evidence did not show that the defendants used violence in removing her except as aforesaid, and that it was against her protest. The sister of Mary Prior testified that her only object in getting Mary away from Mrs. Sinclair's was to get her under the influence of the Roman Catholic Church. And Coffey testified he was there only as counsel and legal adviser of the defendant Prior, and had no other connection with the case.

The government did not controvert the claim of the right of the father; but contended that there was no actual assertion of the father's parental right and authority, and that Coffey and the other defendant and the sister made a pretence of acting under the father's right and authority, and that the father acted under the order and direction of Coffey and the sister of Mary Prior; and the government contended that there was undue force and violence used in removing her, and that the removal against her wishes was under the circumstances unlawful, and that they were all guilty of assault and battery in so doing.

The defendants contended that the father had a legal right to her custody notwithstanding the change in her religious opinions, and that all the evidence in the case, the only material parts of which are above stated, was not sufficient in law to warrant a verdict of guilty against all the defendants on the indictment, and asked the judge so to rule ; but the judge ruled that the father was entitled to the custody of his daughter, and refused to give the rest of the instruction as prayed for, and allowed the case to go to the jury under instructions not excepted to. The jury returned a verdict of guilty; and the defendants alleged exceptions to the refusal to rule as requested.

*E. H. Bennett*, for Coffey.

*S. R. Townsend*, for Prior.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The judge below ruled, as requested by the defendants and admitted by the district attorney at the trial, that the father was entitled to the custody of his daughter, and submitted the case to the jury under instructions not excepted to.

The only matter of exception is to the refusal to rule that the evidence was insufficient in law to warrant a conviction. But the jury, upon the evidence stated in the bill, might well find the defendants guilty, upon the ground that they used force which was excessive and unjustifiable in the sick condition of the daughter, or upon the ground that their acts were not done in the exercise or support of the rightful authority of the father, but in the execution of a scheme of the defendant Coffey, and under his direction and control only.          *Exceptions overruled.*